IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE LAVAUGHN LESTER   *

v.   *   Civil No. CCB-18-3749

PATRICK SHANAHAN, Acting   *
Secretary of Defense, *et al.*

\*\*\*\*\*\*\*\*\*\*\*\*

# MEMORANDUM

Dwayne Lester, representing himself, has filed suit against the Department of Defense and various individuals in connection with his former employment at the Defense Information Systems Agency ("DISA"). The defendants have filed a motion to dismiss and for summary judgment, to which Mr. Lester has filed an opposition and the government has replied. For the reasons that follow, the defendants' motion will be granted.

According to the defendants, a DISA Office of Inspector General ("OIG") investigation found that Lester "(1) used his government-issued laptop to conduct a private business; (2) viewed inappropriate YouTube content on his government-issued laptop during work hours; and (3) misrepresented the amount of hours that he was present and working at DISA." Def.'s Mem., ECF No. 20-1 at p. 1. Based on those findings, his supervisors proposed that he be removed from federal service, but Lester retired before DISA adjudicated that proposal. *Id.* at pp. 1–2. According to Lester, the proposed removal was in retaliation for his representation of another employee in an EEO matter against DISA and for his advocacy on the issue of "discriminatory practices in hiring of African American males/females" at DISA. Compl., ECF 1 at ¶¶ 2–3. The majority of his complaint and opposition focuses on his disagreement with the grounds offered by OIG for his proposed removal.

As the defendants correctly explain, a federal employee's right to challenge an employment action must be brought under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 *et seq.* Because the CSRA provides the exclusive remedy, this court lacks subject matter jurisdiction and the

complaint must be dismissed. *Hall v. Clinton*, 235 F.3d 202, 206 (4th Cir. 2000); *see also Elgin v. Dept. of Treasury*, 567 U.S. 1, 11–12 (2012).

In his opposition, Lester focuses on his claims for "defamation of character, libel, slander." Def's Opp., ECF 22-1 at p. 1. However characterized, these claims clearly arise out of his employment relationship with the federal government and therefore must be brought under the CSRA. Even if they could be raised under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, they would be subject to dismissal because Lester has not exhausted his administrative remedies under the FTCA and because the FTCA does not waive sovereign immunity for 'libel, slander, [or] misrepresentation." 28 U.S.C. § 2680(h).

A separate Order follows.

6/25/19
Date

_____
Catherine C. Blake
United States District Judge